■ YOLANDA DUQUE DE ESTRADA GONZALEZ, Respondent, v. INDUSTRIAL BANK (OF CUBA), Appellant, and BANCO NACIONAL DE CUBA, Proposed Intervenor or Substituted Defendant, Appellant.— Order entered on April 4, 1961, denying motion of defendant Industrial Bank to open default judgment, unanimously reversed on the law, on the facts, and in the exercise of discretion, with costs to abide the event, and the motion granted, the judgment set aside, and defendant granted leave to plead or move with respect to the complaint within 10 days from service of the order herein with notice of entry. While defendant bank consciously abstained from answering the complaint and for this it was at fault, it is evident beyond cavil that it never intended to abandon its defenses or to submit to a default judgment. Since the amount in suit is substantially secured by the sums attached, plaintiff has not been prejudiced except by the delay in bringing the action to issue. Such delay in turn was not a patently frivolous one in the light of the jurisdictional issue raised in abatement on the

prior appeal (10 A D 2d 624, affd. 9 N Y 2d 623). Needless to say, while the court would not open the default unless it were satisfied that defendant bank presented meritorious defenses, it does not pass on their sufficiency, substance, or relevancy for any other purpose of the action. Order entered on April 4, 1961, denying motion of proposed intervenor or substituted defendant National Bank (Banco Nacional de Cuba) unanimously reversed on the law, on the facts, and in the exercise of discretion, with costs to abide the event, and the motion granted to the extent of permitting such party to appear in the action, and to plead or move with respect to the complaint within 10 days from service of the order herein with notice of entry. For the reasons assigned in the related appeal of this date under the same title, and in view of such other disposition, the National Bank as the alleged successor to the Industrial Bank is entitled to appear, plead, or move as a party. In granting such intervention the court does not now pass upon the status of the National Bank with respect to the original defendant, or upon the substantive and jurisdictional issues which may be interposed between plaintiff and the National Bank, or between the Industrial Bank and the National Bank, involving acts of government and whether, or to what exent, the courts of this State will accord or withhold judicial recognition in this State to such acts. Concur — Botein, P. J., Breitel, Stevens, Eager and Bergan, JJ.